**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES PRICE,

                 Plaintiff,

v.                                  CIVIL ACTION NO.  2:11-cv-00432

COMMERCIAL CHOICE INVESTMENTS, INC.,

                 Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 7].  For the reasons discussed below, the plaintiff's Motion to Remand is **DENIED**.

**I.     Background**

The plaintiff purchased a bulldozer from the defendant for $50,900.  (Compl. ¶ 8 [Docket 1]).  The plaintiff claims that he became interested in purchasing the bulldozer after reading an advertisement placed by the defendant in Machinery & Equipment Access magazine.  *Id.* ¶ 3-7.  The advertisement claimed that the bulldozer had "genuine 4,000 hours" and was in "excellent condition."  *Id*. ¶ 5.  After purchasing the bulldozer, the plaintiff asserts that he began "having problems" with the machine and that it required several repairs.  *Id.* ¶ 11.  Later, the plaintiff claims that he had to have Walker Machinery examine the bulldozer.  *Id.* ¶ 13.  The plaintiff alleges that Walker Machinery discovered that 4,464 hours were displayed on the bulldozer's hour meter, but the "number of real hours on the machine was 9,852."  *Id.* ¶ 13-14.  The plaintiff also asserts that he lost money from "jobs he has been unable to fill or complete."  *Id*. ¶ 15.

This case was filed in the Circuit Court of Roane County, West Virginia.  The defendant filed a Notice of Removal [Docket 1] on June 20, 2011.  On July 14, 2011, the plaintiff filed a Motion to Remand the case to the Circuit Court of Roane County, West Virginia.  (Def.'s Mot. to Remand [Docket 7]).  The defendant filed its Response to Plaintiff's Motion to Remand on July 28, 2011.  (Pl.'s Resp. to Def.'s Mot. to Remand [Docket 11]).  The motion is now ripe for review.

## II.    Standard of Review

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction.  28 U.S.C. § 1441(b).  The burden of establishing federal jurisdiction is placed on the party seeking removal.  *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed.  *Id.*  If federal jurisdiction is doubtful, remand is necessary.  *Id.*

Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] [c]itizens of different States . . . ."  28 U.S.C. § 1332(a).  Courts in this district have adopted the preponderance of the evidence standard for determining whether the amount in controversy exceeds $75,000.  *See, e.g.*, *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999).  Thus, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy in the

case exceeds $75,000.  To do so, the defendant "must offer more than a bare allegation that the amount in controversy exceeds $75,000."  *Sayre*, 32 F. Supp. 2d at 886.

This court is not limited by either party's presentation of the evidence.  The court may "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue."  *Id*. (quoting *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp 25, 27 (S.D. W. Va. 1994)).  In determining the jurisdictional amount, a court in this district noted:

> Important items of proof would be the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.  The possible damages recoverable may be shown by the amounts awarded in other similar cases.  Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.  The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997) (citations omitted).

## III.  Discussion

The plaintiff claims that the defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Damages recoverable in fraud cases are measured by "any injury incurred as a result of the defendant's fraudulent conduct."  *Persinger v. Peabody Coal Co.*, 196 W. Va. 707, 719 (W. Va. 1996).  Punitive damages are available when the defendant has acted with "willfulness, wantonness, malice, or other like aggravation of his wrong to the plaintiff."  *Id.*  Additionally, attorneys' fees are available "where it can be shown by clear and convincing evidence that a defendant has engaged in fraudulent conduct which has injured a plaintiff."  *Id.*

- 3 -

In the instant case, the contract between the parties was worth $50,900.  (Compl. ¶ 8 [Docket 1]).  The plaintiff is also seeking damages for business he lost and expenses he incurred because of the defendant's alleged fraudulent conduct in the sale of the bulldozer.  Attorneys' fees could also be awarded if the plaintiff receives a judgment in this case.  Additionally, the court notes that punitive damages are recoverable in fraud cases.  *Persinger*, 196 W. Va. at 791; *Bryant v. Wal-Mart Stores East, Inc.*, 117 F. Supp. 2d 555, 557 (S.D. W. Va. 2000); *Hutchens v. Progressive Paloverde Ins.*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002).  Thus, the court **FINDS** that the defendant has met its burden of proving by a preponderance of the evidence that the requisite amount in controversy has been met.  Accordingly, the court **DENIES** the plaintiff's Motion to Remand [Docket 7].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        September 12, 2011

Joseph R. Goodwin, Chief Judge

- 4 -